SHANON J. CARSON
SARAH R. SCHALMAN-BERGEN
PATRICK F. MADDEN
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: 215.875.4656
scarson@bm.net
sschalman-bergen@bm.net
pmadden@bm.net

CAROLYN H. COTTRELL
Schneider Wallace
Cottrell Konecky LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: 415-421-7100
ccottrell@schneiderwallace.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANYA MCPHERSON, individually and on behalf of all persons similarly situated, | : : | Civil Action No.: |
| Plaintiff, | : : | CLASS ACTION COMPLAINT |
| v. | : : | JURY TRIAL DEMANDED |
| CANON BUSINESS SOLUTIONS, INC., | : : | |
| Defendant. | : : : | |

## CLASS ACTION COMPLAINT

Plaintiff Anya McPherson, ("Plaintiff"), individually and on behalf of all persons similarly situated, through her undersigned counsel, files this Class Action Complaint ("Complaint") against Defendant Canon Business Solutions, Inc. ("Canon" or "Defendant").

1

The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## INTRODUCTION

1. Plaintiff brings this case as a class action against Defendant under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, on behalf of herself and all other similarly situated employees and applicants who were terminated or denied employment at Canon based on information contained in criminal background reports without Canon first providing the employees and applicants with: (a) a pre-adverse action disclosure that included a copy of the employee or applicant's background report obtained from the CRA and a description in writing of the employee or applicant's rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the reported information. Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, equitable relief, and other relief under the FCRA.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

4. Plaintiff Anya McPherson ("McPherson") resides in Eastampton, New Jersey.

5. Defendant Canon Business Solutions, Inc. ("Canon" or "Defendant") is a wholly owned subsidiary of Canon U.S.A., Inc. Canon Business Solutions is headquartered in

Burlington, New Jersey.  Canon provides businesses with document management and workflow services.  Canon operates 70 offices in 40 metropolitan areas throughout the United States.

## STATEMENT OF FACTS

6.     In or around November 2011, Plaintiff applied to a temporary data entry position at Canon through a recruiting company, Careers U.S.A.

7.     In or around the end of November 2011, Plaintiff was hired and began working as a temporary data entry employee at Canon's offices located in Burlington, New Jersey.

8.     On or around April 12, 2012, Canon invited Plaintiff to apply for a permanent data entry position.

9.     That same day, an employee in Canon's human resources department provided Plaintiff with a packet of employment documents to fill out and submit.

10.    The packet of documents included a question as to whether Plaintiff had any previous criminal convictions during the past seven years, as well as an authorization to run a background check.

11.    Plaintiff honestly answered that she had not been convicted of a crime within the last seven years.

12.    Plaintiff authorized Canon to conduct a background check on or around April 13, 2012.

13.    On or around April 16, 2012, Plaintiff commenced work as a permanent employee at Canon.

14.    On or around May 1, 2012, Plaintiff received a call from Canon's corporate human resources manager, informing Plaintiff that she failed her background check due to a

3

twelve year old felony conviction. That same day, Canon terminated Plaintiff, effective immediately.

15. Plaintiff was not given the opportunity to explain the circumstances relating to the twelve year old conviction. Specifically, in January 2012, Plaintiff had applied for executive clemency and was eligible to have the conviction expunged.

16. Canon failed to provide Plaintiff with a copy of her background report or written disclosures describing her rights under the Fair Credit Reporting Act prior to terminating her from its employment.

17. Canon failed to provide Plaintiff with an opportunity to dispute the accuracy of the information contained in her background report prior to Canon's decision to terminate her based on information contained in the report.

### Requirements of the Fair Credit Reporting Act ("FCRA")

18. Pursuant to 15 U.S.C. § 1681b(b)(3), the FCRA requires that prior to taking any adverse action against an employee or applicant based on information contained in a consumer report obtained from a CRA, an employer must provide the employee or applicant with: (a) a pre-adverse action disclosure that includes a copy of the employee or applicant's consumer report obtained from the CRA and a description in writing of the employee or applicant's rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the reported information before any adverse action is taken.

19. Pursuant to 15 U.S.C. § 1681a(c) and (h), the definition of a "consumer" includes an individual who is a job applicant or an employee. Pursuant to 15 U.S.C. § 1681a(d), the definition of a "consumer report" includes a criminal background check used for employment

purposes.  Pursuant to 15 U.S.C. § 1681a(k), the definition of "adverse action" includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee."

20.    Canon routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment actions, such as termination, failure to hire, and failure to promote.

21.    Upon information and belief, Canon has a nationwide policy or practice of requesting that CRAs provide it with consumer reports containing criminal background information on employees and applicants and of taking adverse employment action based on information contained in those reports without providing employees and applicants with: (a) a pre-adverse action disclosure which includes a copy of the employee or applicant's background report obtained from the CRA and a description in writing of the employee or applicant's rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the reported information.

**Defendant Acted Willfully**

22.    Defendant knew or should have known about its legal obligations under the FCRA.  These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.  Defendant obtained or had available substantial written materials which informed it of its duties under the FCRA.  Furthermore, Defendant has internal corporate counsel and/or access to external counsel, all of whom are knowledgeable about the requirements set forth under the FCRA and are available to advise

Defendant in FCRA compliance.  Any reasonable employer knows about or can easily discover these mandates.

23. Despite knowing of these legal obligations, Defendant acted consciously, willfully and recklessly in breaching its known duties and depriving Plaintiff and other members of the Class of their rights under the FCRA.

24. As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Class member, for statutory damages from $100.00 to $1000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for each of the violations alleged herein, and for attorneys' fees and costs pursuant to §1681n and §1681o.

25. Plaintiff and Class members are entitled to equitable relief against Defendant requiring its compliance with the FCRA in all future instances and/or re-employment of Plaintiff and Class members.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this lawsuit individually and as a nationwide class action pursuant to Federal Rule of Civil Procedure 23, on behalf of a class defined as follows:

> All employees and applicants of Canon Business Solutions residing in the United States who, at any time within five (5) years preceding the filing of this Complaint until the date of trial, suffered an adverse employment action based on information contained in consumer reports without receiving:  (a) a pre-adverse action disclosure containing a copy of the employee or applicant's consumer report obtained from the CRA and a description in writing of the employee or applicant's rights under the FCRA; or (b) a pre-adverse action opportunity to dispute the accuracy of the reported information before any adverse action was taken (the "Class").

27. Plaintiff reserves the right to re-define the Class prior to class certification.

28. The Class is so numerous that joinder of all members is impracticable.  Fed. R.

Civ. P. 23(a)(1). While the precise number of Class members is unknown at this time, upon information and belief, the proposed Class is comprised of thousands of members. The precise number of Class members is known by Defendant and may be ascertained through its human resource records and files.

29. Common questions of law and fact exist and predominate over issues affecting only individual Class members. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact include, for example:

   a. Whether Canon failed to provide Class members with a pre-adverse action disclosure containing a copy of the employee or applicant's consumer report that Canon obtained from the CRA and a description in writing of the employee or applicant's rights under the FCRA;

   b. Whether Canon failed to provide Class members with a pre-adverse action opportunity to dispute the accuracy of the reported information;

   c. Whether Canon's actions as described above constitute violations of the FCRA; and

   d. Whether Plaintiff and the Class are entitled to damages and the amount of such damages.

30. Plaintiff is a member of the Class and her claims are typical of the claims of all Class members. Plaintiff's interest in obtaining monetary relief for Canon's FCRA violations are consistent with and are not antagonistic to those of any person within the Class. Fed. R. Civ. P. 23(a)(3).

31. Plaintiff will fairly and adequately protect the interests of the Class because her

interests coincide with, and are not antagonistic to, the interests of the Class members she seeks to represent.  Plaintiff has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously.  Fed. R. Civ. P. 23(a)(4).  Plaintiff and her Counsel are adequate representatives of the Class.

32. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Fed. R. Civ. P. 23(b)(3).  Absent a class action, the vast majority of Class members likely would not be in a position to litigate their claims individually and would have no effective remedy at law through which to vindicate their claims against Canon and be made whole.  Class treatment of predominating common questions of law and fact would also be superior to multiple individual actions, in that class treatment would conserve the resources of the Court and the litigants, and will further the efficient adjudication of Class member claims.

## FIRST CAUSE OF ACTION

### CANON'S VIOLATION OF THE FCRA, 15 U.S.C. § 1681b(b)(3)

33. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

34. Canon has willfully failed to provide Plaintiff and members of the Class, as required by 15 U.S.C. § 1681b(b)(3), with: (a) a pre-adverse action disclosure containing a copy of the consumer report and a description in writing of rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the information contained in the consumer report.

35. Canon's willful violation of 15 U.S.C. § 1681b(b)(3) has caused damages to Plaintiff and the Class for which Canon is liable under 15 U.S.C. § 1681n.

36. In the alternative to paragraph 34, Canon negligently failed to provide Plaintiff and members of the Class, as required by 15 U.S.C. § 1681b(b)(3), with: (a) a pre-adverse action disclosure containing a copy of the consumer report and a description in writing of rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the information contained in the consumer report.

37. In the alternative to paragraph 35, Canon's negligent violation of 15 U.S.C. § 1681b(b)(3) has caused damages to Plaintiff and the Class for which Canon is liable under 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Certify this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the proposed Class and designate Plaintiff as the representative of the Class and her counsel as counsel for the Class;

b. Award statutory and/or actual and punitive damages against Canon to Plaintiff and the Class as provided in 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c. Award declaratory relief;

d. Award appropriate equitable relief;

e. Award Plaintiff and the Class their attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

f. Award Plaintiff and the Class their costs pursuant to 28 U.S.C. § 1920;

        g.      Award pre-judgment and post-judgment interest at the maximum rate allowable by law; and

        h.      Grant all such additional relief as the Court deems appropriate.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues of fact.

Date:   December 21, 2012                    Respectfully submitted,

                                                  /s Patrick F. Madden
                                                  SHANON J. CARSON
                                                  SARAH R. SCHALMAN-BERGEN
                                                  PATRICK F. MADDEN,  N.J. ID No. 029642010
                                                  Berger & Montague, P.C.
                                                  1622 Locust Street
                                                  Philadelphia, PA 19103
                                                  Tel: 215.875.4656
                                                  scarson@bm.net
                                                  sschalman-bergen@bm.net
                                                  pmadden@bm.net

                                                  CAROLYN H. COTTRELL
                                                  Schneider Wallace
                                                  Cottrell Konecky LLP
                                                  180 Montgomery Street, Suite 2000
                                                  San Francisco, CA 94104
                                                  Tel: 415-421-7100
                                                ccottrell@schneiderwallace.com

                                                  *Attorneys for Plaintiff and the Proposed Class*